GARDNER v. CALIFORNIA.

No. 73.   Argued November 20, 1968.—Decided January 20, 1969.

*Charles E. Rickershauser, Jr.,* by appointment of the Court, 391 U. S. 911, argued the cause and filed a brief for petitioner.

*Jack K. Weber,* Deputy Attorney General of California, argued the cause for respondent. With him on the brief were *Thomas C. Lynch,* Attorney General, and *William E. James,* Assistant Attorney General.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner is a California state prisoner who filed *pro se* various papers with the State Superior Court alleging state action that interfered with his access to the courts for determination of his claims. The Superior Court, which granted a hearing and designated the Public Defender's office to represent petitioner at that hearing, treated the papers as requests for habeas corpus relief. After hearing, it made findings and held that the State

had not impaired petitioner's rights of access to the courts.

Under California law, while the State has an appeal from an order discharging a prisoner in a habeas corpus proceeding,[1] the prisoner has no appeal where his petition is denied. See *Loustalot* v. *Superior Court,* 30 Cal. 2d 905, 913, 186 P. 2d 673, 677–678. But he may file a petition for habeas corpus either in the intermediate Court of Appeal or in the Supreme Court.[2] As petitioner in the instant case desired to pursue his remedy in the higher courts, he asked for a free transcript of the evidentiary hearing before the Superior Court. His motion was denied and he sought review of that denial by certiorari to the District Court of Appeal. It was denied, as was a timely petition for a hearing in the Supreme Court. We granted the petition for a writ of certiorari, 391 U. S. 902, to consider whether the rulings below squared with our decisions in *Griffin* v. *Illinois,* 351 U. S. 12, and *Long* v. *District Court,* 385 U. S. 192.

We reverse the judgment below. If this involved an appeal from the Superior Court's denial of habeas corpus, the rule of the *Griffin* case would prevent California from not allowing petitioner, an indigent, access to the record which makes any appellate review meaningful, while according full review to all who have the money to pay their own way. This, however, is not an appeal but the drafting of a new original petition for habeas corpus to the higher court. That new petition must reflect what had transpired in the Superior Court. The statute provides:[3]

> "Every application for a writ of habeas corpus must be verified, and shall state whether any prior

---

[1] Calif. Penal Code § 1506.

[2] See Calif. Const., Art. 6, § 10; Calif. Penal Code § 1475; Rules 50 and 190, Calif. Rules of Court.

[3] Calif. Penal Code § 1475.

application or applications have been made for a writ in regard to the same detention or restraint complained of in the application, and if any such prior application or applications have been made the later application must contain a brief statement of all proceedings had therein, or in any of them, to and including the final order or orders made therein, or in any of them, on appeal or otherwise."

It is argued that since petitioner attended the hearing in the Superior Court, he can draw on his memory in preparing his application to the appellate court. And that court, if troubled, can always obtain the transcript from the lower court.[4] But we deal with an adversary system where the initiative rests with the moving party. Without a transcript the petitioner, as he prepared his application to the appellate court, would have only his own lay memory[5] of what transpired before the Superior Court. For an effective presentation of his case he would need the findings of the Superior Court and the evidence that had been weighed and rejected in order to present his case in the most favorable light. Certainly a lawyer, accustomed to precise points of law and nuances in testimony, would be lost without such a transcript, save perhaps for the unusual and exceptional case. The lawyer, having lost below, would be con-

---

[4] Rule 60, Calif. Rules of Court, provides:

"When a petition for a writ of habeas corpus is filed in a reviewing court, seeking the release from custody of one who is confined under the process of any court of this State, and the court, before passing on the petition, desires to obtain information concerning any matter of record pertaining to the case of such person, it may order the custodian of the record to produce the same or a certified copy thereof to be filed with the clerk of the reviewing court."

See also S. Weigel & L. Burke, State-Federal Post Conviction Problems, 1 Federal Judicial Center Report 101 (1968).

[5] While petitioner had assigned counsel at the hearing before the Superior Court, that assignment did not cover the preparation of papers in further pursuit of relief.

scious of the skepticism that prevails above when a second hearing is sought and would as sorely need the transcript in petitioning for a hearing before the appellate court as he would if the merits of an appeal were at stake. A layman hence needs the transcript even more.

It is said that the appellate court may send for the transcript and deduce from it whether there is merit in this new application for another hearing. That philosophy would make the appellate tribunal *parens patriae* of the indigent habeas corpus litigant. If that would suffice for appellate hearings in habeas corpus, why not in review of cases on appeal? Since our system is an adversary one, a petitioner carries the burden of convincing the appellate court that the hearing before the lower court was either inadequate or that the legal conclusions from the facts deduced were erroneous. A transcript is therefore the obvious starting point for those who try to make out a case for a second hearing. The State can hardly contend that a transcript is irrelevant to the second hearing, where it specifically provides one, upon request, to the appellate court and the State attorney. So long as this system of repeated hearings exists and so long as transcripts are available for preparation of appellate hearings in habeas corpus cases, they may not be furnished those who can afford them and denied those who are paupers.

There is no suggestion that in the present case there is any adequate substitute [6] for a full stenographic transcript. We conclude that in the context of California's habeas corpus procedure denial of a transcript to an indigent marks the same invidious discrimination which we held impermissible in the *Griffin* and *Long* cases where

---

[6] Cf. *Griffin* v. *Illinois*, 351 U. S. 12, 20.

a State granted appeals in criminal cases but in practical effect denied effective appellate review to indigents.

*Reversed.*

MR. JUSTICE BLACK concurs in the judgment of reversal and all of the Court's opinion except the statement at 370 that a full stenographic transcript is required here. He is of the opinion that, as stated in *Griffin* v. *Illinois,* 351 U. S. 12, there may be no necessity for a full stenographic transcript in state habeas corpus cases, and for that reason he would not automatically require the State to supply one in cases like this case.

MR. JUSTICE HARLAN, whom MR. JUSTICE STEWART joins, dissenting.

The Court holds today that petitioner, whose application for a writ of habeas corpus was denied in the California Superior Court, is automatically entitled to a free transcript of that proceeding, to aid him in "preparing" and "presenting" an entirely new application in the State Supreme Court. In so holding, the Court not only misconceives the nature of California's post-conviction procedure, but it imposes on the State a financial burden which is not offset by any appreciable benefit to the petitioner.

Under § 1475 of the California Penal Code, an applicant denied habeas corpus relief in a lower state court may file an application *de novo* in a higher court. As the Superior Court below noted, the petition is self-contained and independent of the prior proceeding. (Appendix 43.) The applicant is neither required nor requested to assign errors, or refer to testimony, in the prior proceeding. He must only inform the court that such a proceeding took place and supply collateral data, such

as the court in which it was held, the disposition, etc.[1] The initial question for the second court—as it is for any court examining an application for post-conviction relief—is whether, taking the factual allegations as proved, the application states a claim upon which relief can be granted. If the court determines that a claim is stated, it will order a referee to conduct an independent evidentiary hearing.[2]

Certainly there can be no constitutional requirement that a court hear, or review the transcript of, testimony in support of factual allegations which, even if proved, would not constitute grounds for relief.[3]  Cf. *Draper* v. *Washington,* 372 U. S. 487, 495–496 (1963). Nor will a transcript of a prior habeas corpus hearing materially aid the applicant in framing the allegations in a subsequent petition. To be sure, a transcript of the prior hearing may be an incidental convenience—so, too, would a daily transcript at a criminal trial—but the Fourteenth Amendment does not require a State to furnish an indigent with every luxury that a wealthy litigant might conceivably choose to purchase. Cf. *id.,* at 496.

---

[1] See Form for Petition for Release from or Modification of Custody, as amended effective January 1, 1966, approved by the Judicial Council of California for use under Rules 56.5 and 201 (f) of the California Rules of Court.

[2] Under Rule 60 of the California Rules of Court, *ante,* at 369, n. 4, the court may also order the transcript of the earlier proceeding.

[3] In this connection, it is worth noting that petitioner's affidavit in support of his motion for a free transcript stated that the Superior Court ruled against him, "not on the facts of his claims, but as to the interpretation of rights secured by the Fourteenth Amendment." (Appendix 41–42.) The State Supreme Court apparently reached the same conclusion as the lower court, and denied petitioner's subsequent application for a writ of habeas corpus on the merits. I express no view on the merits of petitioner's claims, which are the subject of petitions for certiorari pending this Term in *Gardner* v. *California,* No. 7, Misc., and *Gardner* v. *California,* No. 10, Misc.

Neither *Long* v. *District Court,* 385 U. S. 192 (1966), nor any other decision of this Court, suggests that California's procedure is constitutionally defective. The State in *Long* simply made "no provision [on an appeal from the denial of habeas corpus] . . . for the furnishing of a transcript without the payment of fee . . . ," or for an independent evidentiary hearing at the appellate level. For all practical purposes, an indigent could not effectively obtain review.[4] In contradistinction, the California indigent who alleges facts which entitle him to relief is afforded the same opportunity as any other applicant to prove those facts.

In purpose and effect, California's procedure is not dissimilar to the federal rule whereby an indigent appealing the denial of an application for collateral relief is provided a transcript only if "the trial judge or a circuit judge certifies that the . . . appeal is not frivolous and that the transcript is needed to decide the issue presented by the . . . appeal." 28 U. S. C. § 753 (f) (1964 ed., Supp. III). Both the state and federal procedures are responsive to the immense volume of frivolous habeas corpus applications and appeals filed in the respective systems. Both procedures are sensible and practical. Both are equitable and fair.

I would affirm.

---

[4] Similarly, *Smith* v. *Bennett,* 365 U. S. 708 (1961), held it impermissible for a State to condition docketing of a habeas corpus application or allowance of an appeal on the payment of a filing fee; and *Lane* v. *Brown,* 372 U. S. 477 (1963), held invalid a procedure under which an appeal from the denial of *coram nobis* could be perfected only by filing a transcript in the appellate court, when it was within the public defender's exclusive discretion whether or not to request that a free transcript be prepared. The distinctions between these cases and the instant one are too obvious to merit discussion.