## Commonwealth v. Brewton

*James A. Caldwell,* Assistant District Attorney, for Commonwealth.

*Frank G. Verterano,* for defendant.

LYON, J., December 2, 1970.—Adult defendant, Richard Brewton, and two juvenile defendants, Omar Robinson and Robert Payne, were accused of jointly engaging in criminal conduct on December 28, 1969. In due course, the two juveniles were each found to be delinquent within the meaning of the Pennsylvania Juvenile Court Act, and thereafter, on June 24, 1970, the adult defendant was convicted of burglary, larceny, receiving stolen goods and corrupting the morals of a minor child. The same trial jury acquitted him of the charge of conspiracy.

In the interim between the juvenile court proceedings and defendant's jury trial, a petition was filed requesting the court to allow defendant's counsel to inspect and examine the record of the juvenile proceedings including the transcript thereof. The order of court disposing of the petition shows that the word "transcript" was eliminated from the order and, although not of record, defendant's counsel now recalls that he was then informed by the court: "There is no transcript." Defendant's counsel states that he took this to mean that the testimony at the juvenile hearing was not recorded and that he did not learn until after the conviction of defendant that the testimony was recorded but had not been transcribed. Thereupon, defense counsel again petitioned the court requesting a written transcription of the recorded testimony of the juvenile proceedings be made and given to defendant, an alleged indigent, without charge. A rule was issued upon the district attorney to show cause why the recorded testimony of the juvenile proceedings should not be transcribed and defendant given a free transcript.

Defendant correctly contends that an indigent defendant is entitled to a free transcript of proceedings in all instances where a nonindigent defendant

has a legal right to obtain the transcript by purchase. This principle of law with respect to transcripts was established by Griffin et al. v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956), which involved a request for the transcript of an indigent defendant's trial. In Long v. Dist. Ct. of Iowa, 385 U. S. 192, 87 S. Ct. 362, 17 L. Ed. (2d) 290 (1966), the court, in a per curiam decision, required that an indigent be furnished a free transcript of a State habeas corpus hearing for use on appeal from a denial of habeas corpus relief.

The United States Supreme Court again considered the question of free transcripts for indigents in Roberts v. LaVallee, 389 U. S. 40, 88 S. Ct. 194, 19 L. Ed. (2d) 41 (1967), where the trial court had denied defendant's request that he be furnished, at State expense, with the minutes of a preliminary hearing, at which the major State witness had testified. A New York statute then provided that a transcript of the hearing would be furnished on the payment of five cents for every 100 words. Although both petitioner and his counsel had been present at the preliminary hearing and had been furnished a free transcript of the grand jury testimony of the State witness in question, and had not indicated the use to which the preliminary hearing transcript would be put, the court, in a per curiam opinion, granted the prayer of defendant's writ of habeas corpus and vacated the judgment: "Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution."

The Griffin and Long cases were deemed controlling in Gardner v. California, 393 U. S. 367, 89 S. Ct. 580, 21 L. Ed. (2d) 601 (1969), which grew out of

the following facts: an indigent prisoner was denied relief in habeas corpus proceedings before a California Supreme Court. Under State law, an applicant denied habeas corpus relief cannot appeal, but may file an application de novo in a higher court. The applicant is neither required nor requested to assign errors, or refer to testimony, in the prior proceedings. Seeking to pursue his remedy in the higher courts, petitioner requested, but was denied, a free transcript of the evidentiary hearing before the Superior Court. In an opinion by Justice Douglas, speaking for seven members of the court, it was held that "in the context of California's habeas corpus procedure denial of a transcript to an indigent marks the same invidious discrimination which we held impermissible in the Griffin and Long cases." Observed Justice Douglas: "The State can hardly contend that a transcript is irrelevant to the second hearing, where it specifically provides one, upon request, to the appellate court and the State attorney. So long as this system of repeated hearings exists and so long as transcripts are available for preparation of appellate hearings in habeas corpus cases, they may not be furnished those who can afford them and denied those who are paupers."

The United States Supreme Court in Draper et al. v. Washington et al., 372 U. S. 487, 83 S. Ct. 774, 9 L. Ed. (2d) 899 (1963), further held that the right to a free transcript is not barred because of an indigent defendant's assignment of frivolous reasons for review on appeal.

But these decisions of the United States Supreme Court are not authority for providing a free transcript to the indigent defendant in the instant case. Here, there is no showing either that the attorney for the State or a nonindigent defendant have a legal

right to purchase a copy of the requested juvenile transcript. In fact, neither the Federal Constitution (In re Gault et al., 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. (2d) 527 (1967)), nor the Pennsylvania Constitution nor the Pennsylvania Juvenile Court Act, under the circumstances present in the instant case, require the recording or transcription of the juvenile proceedings: Act of June 2, 1933, P. L. 1433, et seq., as amended, 11 PS §243, et seq. Hence, it must be concluded that none of the foregoing authorities stand for the proposition advanced by defendant in the instant case.

In addition, the requested transcript is of a collateral proceedings involving only the two juvenile defendants who were not called as witnesses at the jury trial of defendant in the instant case. The transcripts considered in the cases decided by the United States Supreme Court concern proceedings in which defendant was directly involved. We have found no authority requiring that a transcript of a collateral but related proceedings, as in the instant case, must be provided an indigent defendant where there is no provision for the purchase of such a transcript by a nonindigent defendant.

There is also present in the instant case a public interest in protecting juveniles from publication of the juvenile hearing proceedings. This interest is greater than that of an indigent defendant to a free transcript of a collateral juvenile proceedings where the transcription is not requested until after conviction in a trial by jury. Indeed, it is difficult to conceive of a substantial interest to be served by providing a copy of a juvenile transcript in a collateral proceedings to an adult, indigent defendant who now stands convicted and obviously can use the transcript only in connection with his post trial motions. It is

apparent from a consideration of Pennsylvania Rule of Criminal Procedure 208, which prohibits the transcription or reproduction by any person of testimony of witnesses given before the grand jury, that defendant is not entitled to a transcript of the juvenile proceedings merely because important Commonwealth witnesses testified fully thereat concerning the subject of the subsequent criminal trial of defendant.

## ORDER

Now, December 2, 1970, it is ordered, adjudged and decreed that the prayer of defendant's petition requesting a transcript of the juvenile proceedings against Robert Payne and Omar Robinson be, and hereby is, denied.