(No. 42898.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
LARRY J. EDMONDS, Appellant.

*Opinion filed March 16, 1971.*

JAMES B. HADDAD, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Larry J. Edmonds, appeals from the judgment of the circuit court of Cook County dismissing, without an evidentiary hearing, his amended petition filed under the provisions of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 et seq.) Rule 651(a) provides for appeal directly to this court.

The record shows that petitioner and his brother were tried by a jury and found guilty of the offense of burglary. Both appealed and their convictions were affirmed. (People v. Edmonds, 109 Ill. App. 2d 337.) The evidence at trial showed that about 5:30 A.M. on October 25, 1965, two Chicago policemen saw petitioner and his brother walking on Calumet Avenue. The officers saw that petitioner was carrying some garment bags labeled "Leader Cleaners,"

which contained clothing. Petitioner's brother was carrying some wrapped bundles similarly labeled which contained men's shirts. The police officers stopped the pair, inquired about the clothing, and were told it had been found lying on the sidewalk. A check revealed that a nearby Leader Cleaners shop had been burglarized, and the clothing found with petitioner and his brother was proved to have been taken from this shop.

Petitioner was represented at trial by the Public Defender, who had been appointed at the time of arraignment. A trial commenced on April 14, 1966, resulted in a hung jury. He was tried again on April 20, 1966, this time represented by an assistant public defender, other than the one who initially represented him.

The amended petition, supported by petitioner's affidavit, alleges petitioner was denied the right to effective assistance of counsel, and thus equal protection of the law, because from the date of his arrest until his arraignment, a period of seven weeks, although admittedly indigent, no attorney represented him. Petitioner's affidavit alleges there were alibi witnesses who were in his company when the burglary occurred, and who would testify that at that time he was several blocks from the scene. Petitioner further alleges he does not know the names and addresses of these people, but believes they could have been located had an attorney been appointed to represent him at his first court appearance, which apparently took place shortly after his arrest. The Memorandum of Orders included in the record does not reflect what transpired at that time, the first entry showing arraignment and appointment of counsel on January 11, 1966.

Petitioner contends that because the Public Defender's office, prior to arraignment, represents indigents only at court appearances and not for any other purpose such as investigating for possible witnesses, he was deprived of his constitutional protections.

The United States Supreme Court has said that an accused "need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." (*United States* v. *Wade,* 388 U.S. 218, 226, 18 L. Ed. 2d 1149, 1157, 87 S. Ct. 1926, 1932.) Upon the record before us we need not decide whether *Wade* requires appointment of counsel to aid an indigent defendant in the investigation of his case during a period of incarceration prior to arraignment. Petitioner's allegations that counsel could have located alibi witnesses whose names and whereabouts are unknown are insufficient to show prejudice resulted from failure to appoint counsel prior to arraignment. There is nothing that indicates that petitioner at any time advised the Public Defender's office of the existence of these witnesses so that an attempt could be made to locate them, and under the circumstances there is no basis to conclude that they were more likely to be located prior to arraignment than subsequent thereto. Petitioner has done no more than draw a conclusion of prejudice, and does not meet the requirement of the Post-Conviction Hearing Act that a showing be made of a substantial violation of constitutional rights, supported by affidavits, records or other evidence. *People* v. *Knight,* 38 Ill.2d 373; *People* v. *Evans,* 37 Ill.2d 27.

Petitioner also contends that he was arrested without probable cause and the trial court erred in denying his motion to suppress the evidence seized at the time of his arrest. It is the People's position that the trial court properly held this question to be *res judicata* and therefore did not further consider it in ruling upon the motion to dismiss the post-conviction petition.

Prior to each of petitioner's two trials the court held a hearing on his motion to suppress. At the first hearing and trial, Officer Kelly, one of the arresting officers, testified. At the hearing held prior to the second trial, Officer Crossier

testified. It is petitioner's contention that Kelly's testimony shows that Crossier lied when in an effort to establish probable cause he stated that petitioner's brother Ronald had fled when the police first approached them. Petitioner also alleges he requested the assistant Public Defender to subpoena Officer Kelly but he refused.

Petitioner contends that although the appellate court considered the issue of probable cause, and the propriety of the denial of his motion to suppress, "fundamental fairness" renders the doctrine of *res judicata* inapplicable. In support of this contention he points out that in order to demonstrate the truth or falsity of the facts relied upon to avoid the *res judicata* doctrine, and in order to determine whether the contradiction was so material as to require a new evidentiary hearing he requested a transcript of Officer Kelly's testimony at the first hearing on the motion and the first trial. The court denied the motion and petitioner argues that a petitioner with ample funds would have had Kelly's testimony transcribed, and petitioner, by reason of his indigency, was deprived of equal protection.

Assuming, arguendo, that the refusal of the motion for the transcript invoked the rule of "fundamental fairness" so as to render the doctrine of *res judicata* inapplicable, this case is clearly distinguishable from *Gardner* v. *California,* 393 U.S. 367, 21 L. Ed. 2d 601, 89 S. Ct. 580, upon which petitioner relies. In *Gardner* the absence of a transcript effectively prevented presentation of the issues to the appellate court. It is apparent from the opinion of the appellate court that whether or not Ronald ran, there was reasonable cause for the arrest. Under the circumstances, the transcript of Kelly's testimony, at best, might show a conflict in the testimony of the police officers. The mere allegation that the testimony of Officer Kelly was wrongfully withheld from the consideration of the judge who conducted the second hearing on the motion to suppress is not sufficient to show the substantial violation of constitutional

rights required by the Post-Conviction Hearing Act. The trial court did not err in denying the motion for the transcript, and properly dismissed the petition.

For the reasons stated the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*