**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jack Gwynn BAKER,**
**Defendant-Appellant.**

**No. 74–4129.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1975.

Lawrence R. Taylor, Jr., Dallas, Tex. (Court-appointed), Roy L. Merrill, Jr., Dallas, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., William F. Sanderson, Asst. U. S. Atty., Ft. Worth, Tex., Stafford Hutchinson, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

Baker was first tried on an indictment charging him with having been part of a conspiracy to possess with intent to distribute cocaine, a violation of 21 U.S.C. § 846. The jury was unable to agree, and the trial ended in a mistrial. Thereafter, his privately engaged counsel requested to be relieved from further duty and the Court appointed counsel to represent Baker on the second trial. Prior to the second trial, counsel moved the Court to require the furnishing of a transcript of the proceedings at the first trial to the defendant. This motion was granted in part and denied in part, in that the trial court required the government to make available a transcript of the testimony of the two principal government witnesses. The transcript did not contain any of the testimony of the defendant or the defendant's mother who testified concerning the issue of voluntariness of inculpatory statements testified to by the government witnesses.

When the government sought to prove by one of its agents statements made by the defendant when visited at his home by the agent, defendant made the following motion: "Your Honor, at this stage of the game, we would request a hearing out of the presence of the jury because I believe the witness wants to testify about what was said at this time." The trial court overruled the motion saying: "I have had a hearing outside the presence of the jury. I see no reason to have another one." In point of fact a preliminary hearing had been held prior to the first trial upon motion of the counsel then representing the defendant.

Upon the second trial, the jury found the defendant guilty of the offense as charged and the defendant appeals, raising principally the action of the trial court in not requiring a complete transcript of the testimony of the first trial to be furnished and in declining to hold a further § 3501 hearing.[1]

■ We conclude that the trial court erred in not having required the government to furnish a copy of the complete transcript of the first trial to the defendant before the beginning of the second trial and, therefore, reverse the judgment of conviction.

In *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400, the Supreme Court said:

---

1. 18 U.S.C. § 3501 provides in pertinent part as follows:

    *Admissibility of confessions.*

    (a) In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

    (b) The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

    The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

    (d) Nothing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, or at any time at which the person who made or gave such confession was not under arrest or other detention.

"*Griffin v. Illinois* [351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891] and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal.[1]

[1] *Williams v. Oklahoma,* 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969); *Gardner v. California,* 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); *Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *Long v. District Court of Iowa,* 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966); *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); *Eskridge v. Washington Prison Board,* 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)."

While the Court in *Britt* held that "in the narrow circumstances of this case, no violation of that rule has been shown . . . ." it based its decision on circumstances that are not present in this case. The Court said:

"In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial to which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.[2]

[2] See *Draper v. Washington, supra,* 372 U.S. at 495–496, 83 S.Ct. 774, and other cases cited n. 1, *supra.*"

As to the first of the relevant factors we think this is disposed of by the Court's language in *Britt*:

"We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcripts might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. (Footnote omitted) As Mr. Justice Douglas makes clear, even in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses."

404 U.S. at 228, 92 S.Ct. at 434.

The Court then pointed to the facts of the case before it showing that the lower court had rested its decision on the availability of adequate alternatives to a transcript. The Court said:

"The second trial was before the same judge, *with the same counsel* and the same court reporter, and the two trials were *only a month apart.*" (Emphasis added.)

404 U.S. at 228, 92 S.Ct. at 434. Here, of course, the defendant did not have the same counsel and the two trials were separated by a period of six months. Moreover, there was no agreement or stipulation or any concession similar to what the Court referred to in the *Britt* opinion as being a basis for not concluding that "the court below was in error in rejecting his claim." In *Britt* the Court said:

"In this case, however, petitioner has conceded that he had available an informal alternative which appears to be substantially equivalent to a transcript."

404 U.S. at 230, 92 S.Ct. at 435.

The denial by the court of the motion by defendant for a § 3501 hearing before the admission of the allegedly inculpatory statements attributed to defendant gives us some trouble because of the fact that as matters turned out the court never had an opportunity out of the presence of the jury to pass upon the question of voluntariness with evidence

before it that the appellant claims was critical. That evidence is the concession under cross-examination on the second trial by the agent who talked with the defendant that he had told the defendant the following:

"When I first introduced myself to him, I explained that we had observed him during the delivery of this cocaine and I wanted to get some more information from him if he had any explanations and so forth. Otherwise, I would be forced to make a recommendation to the U. S. Attorney that he be included in a conspiracy if he had no proper explanations."

This statement, incidentally, is to be compared with testimony given by the defendant to the effect that he was told that if he did not cooperate with the agent they were going to "arrest him." Neither on the first trial nor at the pre-trial hearing on voluntariness had the agent made such a concession. He had, in fact, denied any coercive statement at the time of his meeting with the defendant at his home.

■ However, at the time this particular concession was made by Agent Hand no motion was made that the court excuse the jury for the purpose of having a further inquiry into the voluntariness of the statements in light of the agent's testimony. We think that it was not error for the trial court, once having held a § 3501 hearing before the first trial to have declined to hold a second hearing in connection with the second trial without counsel for the defendant having made plain to the trial court that there was additional evidence touching on the matter of voluntariness that had not been before it for consideration at the earlier hearing. We do not consider the § 3501 hearing as related to any particular trial. It is a hearing that is normally held prior to trial and we see no reason why one such hearing should not be sufficient with respect to either a single trial or, in the event of a mistrial, for a second trial. The trial court will have before it on remand this additional bit of evidence in connection with which

it can then determine whether a further pre-trial voluntariness hearing is justified in view of the threat which Agent Hand conveyed to the defendant to the effect that the case would be referred for prosecution to the district attorney if the defendant did not cooperate in giving information.

Other points of appeal raised by appellant which are not likely to re-occur upon a retrial of the case need not be considered in light of the disposition we make of this appeal.

The judgment of conviction is reversed and the case is remanded for further proceedings.