Curtis E. VETTER, Plaintiff-Appellant,

v.

Robert FROSCH et al.,
Defendants-Appellees.

No. 78–3807
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 25, 1979.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Arthur R. Amdur, Asst. U. S. Atty., Houston, Tex., for defendants-appellees.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff, Curtis E. Vetter, has been employed at the Johnson Space Center, National Aeronautics and Space Administration, Houston, Texas, since 1967. On July 6, 1973, he filed a formal complaint alleging that he had received a written reprimand and had not been repromoted in reprisal for having served as a representative in EEOC complaints filed by two female co-workers. The Civil Service Commission's decision of no discrimination was appealed to the Appeals Review Board. The Board affirmed the agency decision, and the plaintiff filed this complaint.

 In an action for federal employment discrimination under § 717(c) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.,* the plaintiff is entitled to a trial *de novo* of his claim. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). When the case was called for trial on February 10, 1978, the plaintiff's attorney, aware of plaintiff's right to a trial *de novo,* stated:

> MR. LOPEZ: We have been reviewing with . . . counsel for the government that administrative record and discussing what each of us thought were the things that need to be supplemented. We are prepared to agree to submit the case on cross-motions for summary judgment based essentially on the administrative record.
>
> Mr. Amdur [government counsel] has told me that he has perhaps two affidavits which he would like to supplement the record. We have no objections to that, provided we have an opportunity to answer by cross-affidavits.
>
> \*　\*　\*　\*　\*　\*
>
> And with that, I don't think we need to burden the court with testimony that will be basically repetitious. We have had an administrative hearing and it is of record.

> THE COURT: What about Mr. Vetter's deposition, do you want the court to consider that as well?
>
> MR. AMDUR: Your Honor, the court might need to consider it, if the court wants to.
>
> MR. LOPEZ: It seems to me that if the government considers any portion to be considered, I think it should be offered into evidence at some point, not necessarily at this time, so we may have an opportunity, because we reserved objections, as is customary, so that we could make objections on any portions of it. I don't think we would have any problem with it.
>
> THE COURT: This is what the court will do: I will read any portions of it to which reference is made in any of the motions.
>
> MR. LOPEZ: That's fine, your Honor. And if there is any reference made, we can respond and point out materiality or weight. . . .
>
> THE COURT: Well, that will be the order of the court.

The court subsequently entered findings of fact and conclusions of law, resolving the case against the plaintiff on the ground that the defendants had violated neither the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.,* nor the Civil Rights Act of 1966, 42 U.S.C.A. § 1981. The court held that the reprimand "was not issued because of any motive of reprisal or retaliation on the part of the Defendants" and that the failure to repromote "was based on good cause, and the higher qualifications of competing candidates."

The initial problem on this appeal is the standard of review to be applied. The solution depends on whether we treat the district court's action as a grant of a summary judgment motion or a trial on a stipulated record.

 If we regard the district court's decision as the granting of a motion for summary judgment, the inferences to be drawn from the evidentiary record "must be viewed in the light most favorable to the

**632**

party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ Where there are cross-motions for a summary judgment, the losing party is not estopped by the mere filing of his motion for summary judgment from asserting that there are genuine issues of fact. *Bricklayers Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975). A party's motion for summary judgment may be based on a theory of law which renders immaterial certain issues of fact which might be material to the opposing party's theory of law. A plaintiff, having lost on his motion for a summary judgment, would be free to argue on review that there were issues of material fact which should have been resolved before deciding the case by summary judgment in favor of the defendant's theory of law.

In ruling on the cross-motions for summary judgment, the district court explained, "The basic facts are not in significant dispute. However, the Court has had to resolve some credibility questions in arriving at its conclusion." This indicates that issues of material fact existed which had to be resolved on a credibility basis in order to decide the case on the defendants' theory of law.

The rule, of course, is that summary judgment must be reversed if any "genuine issue as to any material fact" is found to have existed. Fed.R.Civ.P. 56(c); *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

■ On the other hand, the case could be treated as a trial by the court on a stipulated record. All inferences would then be drawn in favor of the district court's decision which could be reversed on issues of fact only in the event that it was found clearly erroneous. *Starsky v. Williams*, 512 F.2d 109, 111 (9th Cir. 1975). We note that the appellant's burden of showing clear error in the district court's fact findings may be lightened somewhat where a record consists entirely of documentary or written

evidence and the trial court could not have based findings on the credibility of witnesses giving oral testimony. *Petition of Geisser*, 554 F.2d 698, 705 (5th Cir. 1977), *quoting Sicula Oceanica, S.A. v. Wilmar Marine Engineering & Sales Corp.*, 413 F.2d 1332, 1333–34 (5th Cir. 1969).

It is not necessary, of course, for a court to have an oral hearing in order to resolve issues of material fact. Many cases are tried on depositions, counter-affidavits, and stipulated records, where the parties know there are issues of fact which must be resolved, but are content to have them resolved on the basis of the written, as opposed to oral, testimony and evidence.

■ Treating this case as a trial on a stipulated record clearly seems more consistent with the district court's actions. When the case was called for trial the plaintiff had the opportunity to present any evidence it wanted. The court noted in its memorandum, however, "[t]he parties appeared by counsel and announced that they wished to submit the case on the record which includes a lengthy Administrative Record, affidavits and Plaintiffs' deposition. The parties have filed cross-motions for summary judgment." The court then went on to state that it had to resolve credibility questions but that at the time the case was called "in their moving papers, the parties stipulated to this type of submission." It is significant then that the court made findings of fact and conclusions of law, not required, although often helpful on appeal, when acting on a motion for summary judgment. It entered judgment for the defendants without addressing the question of whether it was granting or denying the plaintiff's motion for summary judgment or the defendants' motion for summary judgment. The court, concluding that "the defendants are entitled to judgment based upon the weight of the evidence and as a matter of law," entered judgment for the defendants.

It should be noted that the plaintiff did not attempt to ascertain whether the district court improperly decided credibility issues which should have been resolved only

after further hearing. The plaintiff never requested a hearing and never requested a formal analysis or additional findings of fact. He made no motion for a new trial or to set aside the judgment.

We also note the manner in which this case has been presented to this Court. Plaintiff resisted a request of the defendants pursuant to Rule 10 b, F.R.A.P. to make a complete transcript of the proceedings held on the day that the case was called for trial. The plaintiff's attorney stated "that the issue on appeal shall be whether the findings of fact and conclusions of law of the court *are supported by the evidence in the administrative record, or whether such findings or conclusions are contrary to the evidence in the administrative record.*" (Emphasis added). In his brief, however, the plaintiff's attorney argued that the standard for review was whether there had been any genuine issue of material fact, precluding disposition by summary procedure. At no point in his brief does the plaintiff argue that the findings of fact and conclusions of law of the court are not supported by the administrative record.

This leads us to the conclusion that the plaintiff changed the course of this case between the district court and the appellate court. Before the district court, he was willing to rest on the administrative record to resolve the issues. Before our Court, he claims that because such issues existed, the district court should not have decided the case without a trial. Having submitted the case to the district court on the administrative record, plaintiff cannot now complain that the district court was required to resolve some conflicts in that record to make a decision. To decide otherwise would make the district court's judgment a useless exercise. Either party who lost could obtain a reversal on the argument that plaintiff makes here.

We think, then, we have for review a decision on a stipulated record, albeit the matter was styled as a determination on motions for summary judgment.

Having decided the standard of review, the case easily falls in place and must be affirmed. At the *de novo* trial available to him, plaintiff would have had the burden of proving his allegation that he had been subject to discrimination under 42 U.S.C.A. § 2000e *et seq.* The plaintiff was willing instead to submit the issue to the court on the administrative record, plus cross-affidavits, and portions of the plaintiff's deposition. The administrative record, along with affidavits and the plaintiff's deposition, was sufficient for the district court to resolve any issues of fact.

The administrative record is replete with evidence of Mr. Vetter's marginal job performance, his inability to work with others, and his receipt of a written reprimand for a scuffle in which he caused a fellow employee to be struck in the head with a telephone. The district court held that

Plaintiff has performed inadequately in his job. Plaintiff has been constantly tardy, has left work without getting approval of the supervisor, has taken sick leave without notifying appropriate personnel, and has been guilty of insubordination toward his superiors. Plaintiff has maintained an extremely bad rapport and working relationship with his fellow employees and superiors to the extent that office procedure has been disrupted.

The administrative record and the affidavit support this finding and the further finding of the court that the logging of plaintiff's activities by his superiors for certain periods of time was justified in view of the plaintiff's poor work performance and bad rapport with his fellow employees and superiors. It would unnecessarily lengthen this opinion and serve no useful purpose to detail the evidence which supports the district court's finding. *See* Local Rule 21, Fifth Circuit Rules of Procedure.

The appellant has the burden of persuading the appellate court that the district court erred. If the appellate court is not convinced the district court was wrong, its judgment must be affirmed. *See Gardner v. California,* 393 U.S. 367, 370, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); *Brother Internation-*

*al Sewing Machine Corp. v. Caracci,* 341 F.2d 377 (5th Cir. 1965).

We are not persuaded that the district court committed any error in rendition of a final judgment in this case, even though it had to resolve some credibility questions in arriving at its conclusion. We conclude that the district court was not clearly erroneous as to the factual findings made on the record before it. Hand in hand with this decision is the affirmance of the trial court's denial of a summary judgment for the employee.

AFFIRMED.