UNITED STATES COURT OF APPEALS
**Filed 8/15/96**
TENTH CIRCUIT

JOE DON SMITH,

     Petitioner-Appellant,

v.

STATE OF UTAH; UTAH COURT
OF APPEALS,

     Respondents-Appellees.

No. 95-4138
(D.C. No. 93-CV-762)
(Dist. Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Smith brought this federal habeas corpus action when the state denied his requests for a free transcript to assist his preparation for a state post-

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

conviction proceeding in which he sought to establish that he had been denied effective assistance of counsel at his trial. The federal court ordered the state to provide transcripts, which were subsequently supplied. Mr. Smith then brought a motion for contempt on the ground that the transcripts were incomplete and had been "doctored," and requested the district court to grant further habeas relief.

The district court found that the transcripts had been provided within the time allotted by its order. Mr. Smith has provided this court with no reason to believe this conclusion is clearly erroneous. Even assuming the transcripts do not accurately reflect the proceedings they purport to record, such errors or omissions need not constitute contempt. Mr. Smith's federal habeas claim rested on the ground that an indigent prisoner appealing an adverse decision in a state postconviction proceeding must be afforded appellate review as adequate and effective as that provided a prisoner who has money to buy transcripts. See *Long v. District Court of Iowa*, 385 U.S. 192, 194 (1966); *Gardner v. California*, 393 U.S. 367, 368 (1969). Mr. Smith received his requested transcript. "[T]here is no constitutional right to a perfect transcript." *State v. Menzies*, 845 P.2d 220, 241 (Utah 1992). Mr. Smith's remedy for any errors or omissions in the transcript is in state court.

We agree with the district court that Mr. Smith has not made the substantial showing of the denial of a constitutional right necessary to obtain a certificate of

probable cause. We construe Mr. Smith's application for a certificate of probable cause as a motion for a certificate of appealability now required by 28 U.S.C. § 2253(c)(2), see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), and we deny it.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge