# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30142
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2024

Lyle W. Cayce
Clerk

Larry Falkins,

*Plaintiff—Appellant*,

*versus*

Robert Goings, *Sergeant*; Johnathan Stringer, *Lieutenant*;
Lance Wallace, *Sergeant*; Jacob Waskom, *Major*; Robert
Tanner, *Warden*; Department of Public Safety and
Corrections, State of Louisiana, Rayburn
Correctional Center,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1749

_____

Before Dennis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Larry Falkins, Louisiana prisoner # 535723, appeals the dismissal of his 42 U.S.C. § 1983 civil action.  He had alleged the defendants used

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

excessive force in violation of the Eighth Amendment and state law, but the district court held this suit was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Falkins also contends the sanction imposed on the defendants by the district court based on the spoliation of video evidence should have gone further by allowing a presumption that his injuries were caused by the defendants.

We review *de novo* a summary judgment based on *Heck*, using the same standard employed by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A claim under Section 1983 is barred by *Heck* "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," including a prison disciplinary conviction, and that conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (footnote omitted).

The district court determined that *Heck* barred Falkins's excessive-force claims relating to an incident inside an office in the Rayburn Correctional Center's Wind Unit as well as another incident during Falkins's escort from the Wind Unit to the Sun Unit. A finding that the defendants used excessive force in either incident would be fundamentally inconsistent with the facts supporting his disciplinary convictions for contraband, defiance, and aggravated disobedience. Falkins does not challenge the court's findings regarding the incident that occurred inside the Wind Unit office. We will not address issues not raised by the appellant. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Furthermore, it is beyond dispute that a finding that the defendants used

excessive force during the escort from the Wind Unit to the Sun Unit would require negation of an element of one of Falkins's disciplinary offenses and thereby necessarily implicate the validity of his disciplinary convictions. *See Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

Although Falkins references a third excessive-force incident occurring just outside the door to the Sun Unit that did not factor into any of his disciplinary convictions, and thus would not be barred by *Heck*, he alleged no such incident in his original or amended complaint. Because he first alleged this third incident in his response to the defendants' summary judgment motion, it was not properly before the district court. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Insofar as Falkins first alleged this third incident in his spoliation motion, he cites no authority, nor are we aware of any, permitting a Section 1983 claim to be first asserted in a spoliation motion. Accordingly, Falkins fails to meet his affirmative burden of showing that the district court erred by not considering the alleged third excessive-force incident. *See Vetter v. Frosch*, 599 F.2d 630, 633 (5th Cir. 1979).

Because Falkins fails to show that there is a genuine factual dispute as to whether *Heck* bars review of his claims, the district court correctly determined that the defendants were entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). Furthermore, the court's dispositive *Heck*-bar finding moots the issue of spoliation.

AFFIRMED.