HATCHETT, Justice.
In this case a Florida convict challenges the validity of a detainer lodged against him by Louisiana officials. Time remains to be served on the Florida sentence, but we conclude that the challenge does not come too early. We decide the prisoner’s claim adversely to him, however, because the challenge to the detainer is in fact an attack on an agreement between the governors of Florida and Louisiana, as subsequently modified. A prisoner has no standing to challenge such agreements.
In support of his petition for writ of ha-beas corpus, Grayson alleged that he was serving a 21 year sentence in the Louisiana State Penitentiary for manslaughter when authorities in Florida sought his return here to stand trial for murder. Petitioner claimed he was brought to Florida under an agreement “that in the event that the petitioner was sentenced to a death penalty or a life sentence he would not have to be transferred back to the state of Louisiana.” Since he was brought to Florida, convicted of murder, and sentenced to life imprison *462 ment, he maintains that the detainer, which the Louisiana officials have lodged against him here, is unauthorized. By the present petition, Grayson seeks a declaration that the Louisiana detainer is invalid.
We granted the writ of habeas corpus and required respondent Wainwright to make return to the writ. As an attachment to his return, respondent submitted a copy of the executive agreement pursuant to which petitioner was returned to Florida from Louisiana. The agreement is between Governor Kirk of Florida and Governor McKeithen of Louisiana and provides that the petitioner be extradited:
. upon the express condition that [petitioner] be taken from and returned to the State of Louisiana at the expense of the State of Florida, to be so returned, as soon as the prosecution in the State of Florida is terminated, to the custody of the officer, agent or person making the original surrender of the prisoner to the agent of the State of Florida.
According to the return, petitioner’s conviction in Florida on March 13, 1970, was followed by a letter dated May 4, 1970, from Governor McKeithen to the Florida state attorney who secured Grayson’s murder conviction. Respondent has attached a copy of the letter, in which Governor McKeithen wrote:
At the request of the State of Florida I herewith grant a reprieve to Mr. A1 Johnson, alias Charles Grayson, on the sentence which he has incurred in Louisiana so long as he is incarcerated in the Florida State Penitentiary under a present life sentence which he is serving. It is understood that in the event Mr. Johnson is released from the Florida State Penitentiary for any reason that the State of Florida will return him to this State under the re-extradition agreement previously entered into between myself and the Governor of Florida.
Because of the view we take of this case, and in the absence of any traverse of the return, we have dispensed with a hearing to “receive evidence in contradiction of the return.” Fla.Stat. § 79.06(1) (197S).
The detainer lodged by the Louisiana authorities is one of two bases on which respondent justifies petitioner’s present detention. Petitioner is incarcerated pursuant to the judgment and sentence of a Florida court, the validity of which is not at issue here, but he is also held on the basis of the Louisiana detainer. In an analogous case, the United States Supreme Court concluded that “the State holding the prisoner in immediate confinement acts as agent for the demanding State,” Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-9, 93 S.Ct. 1123, 1131, 35 L.Ed.2d 443, 454 (1973), notwithstanding the prisoner’s service of a sentence imposed by a court of the State in which he is incarcerated.
On account of the conditional reprieve, the sentence on which the detainer is predicated is presumably [1] held in abeyance for the duration of petitioner’s confinement in Florida; but it does not follow that petitioner’s attack on the detainer lodged against him is premature. Although a prisoner serving one sentence has never begun the service of a consecutive sentence imposed for a different offense, the sentence slated to begin in futuro, as well as the underlying judgment, are susceptible of collateral attack. Mr. Justice Adkins, writing for the Court in Lawson v. State, 231 So.2d 205 (Fla. 1970), citing Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), stated the Florida rule succinctly:
A prisoner serving consecutive sentences is “in custody” under any one of them *463 for the purposes of Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., formerly Criminal Procedure Rule One [and now Rule 3.850, RCrP] At 207.
Service of the Louisiana sentence in the present case had already begun, moreover, and was interrupted when petitioner was brought to Florida for trial. Because the detainer is grounded on the unserved portion of the Louisiana sentence, petitioner is “in custody” under the detainer for purposes of challenging the detainer’s validity. Additionally, it is generally recognized that a detainer itself has significant custodial consequences, whatever its legal justification. See Braden v. 30th Judicial Circuit of Kentucky, supra; Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970).
While petitioner has standing to attack the Louisiana detainer on other grounds, it “is well-established that a prisoner has no standing to contest an agreement[2] between two sovereigns concerning the . . . exchange of custody of the prisoner . . .” Chunn v. Clark, 451 F.2d 1005, 1006 (5th Cir. 1971); Dorrough v. Texas, 440 F.2d 1063 (5th Cir. 1971); Nelson v. United States, 406 F.2d 1322 (5th Cir. 1969). In any event, petitioner does not explain why a breach of the agreement should invalidate the detain-er. The Louisiana conviction is necessarily unaffected by proceedings in connection with a separate prosecution; it is the Louisiana conviction, and not the executive agreement, on which the detainer is based.
The writ of habeas corpus is discharged.
OVERTON, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.

. The effect of the reprieve is a question of Louisiana law. See generally State ex rel. Melerine v. Trist, 238 La. 853, 116 So.2d 691 (1959). This situation is now treated in the interstate agreement on detainers. See Fla. Stat. §§ 941.45(5) (f) and 941.45(8) (1975).

. There is now an executive agreement among Florida and the other states party to the interstate agreement on detainers, codified as Fla.Stat. §§ 941.45-50 (1975). A prisoner has no standing to contest this new agreement, either, but the agreement itself confers certain remedies when detainers are based on untried accusatorial writs.