696 So.2d 1296 (1997)
William DEMPS, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-3439.
District Court of Appeal of Florida, Third District.
July 16, 1997.
Williams Demps, in pro. per.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, for appellant.
Before NESBITT, GODERICH and SHEVIN, JJ.
NESBITT, Judge.
William Demps appeals the lower court's denial of his motion for postconviction relief filed under rule 3.850 of the Florida Rules of Criminal Procedure. The lower court denied Demps' motion as time-barred. We reverse and remand for consideration of Demps' motion on the merits.
On January 19, 1993, the trial court, pursuant to a guilty plea, sentenced Demps *1297 to sixteen years in prison. The court further ordered that his sentence run concurrent with an Indiana sentence in an unrelated case. At some point in February of that same year, Demps was remanded to the custody of the Indiana state authorities. Demps completed his term in the Indiana prison system and was returned to Florida's custody on August 15, 1995.[1]
On July 3, 1996, Demps filed his first postconviction motion directed to the underlying conviction and sentence at issue. The trial court denied the motion on August 29 and Demps timely filed a notice of appeal. After reviewing the items transmitted to this court, we ordered the state to respond. In light of that response, and Demps' "traverse" to the response, we requested that the public defender represent and/or aid Demps in this matter. On May 30, the public defender replied to our request. In sum, the reply stated that the public defender had "no additional legal authority to supplement the motion as filed by Petitioner."
Demps contends, and contended below, that the two-year period for filing a motion under rule 3.850 should be tolled for the time that he was in the custody of the Indiana state prison system. He notes that in order to file a motion under rule 3.850 a prisoner must be "in custody under sentence of a court established by the laws of Florida...." Fla. R.Crim. P. 3.850(a). Demps argues that while he was in Indiana he was not "in custody" within the meaning of the rule and could not therefore file a motion.
In State v. Reynolds, 238 So.2d 598, 600 (Fla.1970), the supreme court held that "a prisoner in the custody of a state other than Florida is also `in custody' within the meaning of Rule 1.850, Cr.P.R....." Rule 1.850 is the predecessor to current rule 3.850. See Grayson v. Wainwright, 330 So.2d 461, 462-63 (Fla.1976); McGriff v. State, 259 So.2d 508 (Fla. 3d DCA 1972). In Reynolds the supreme court disapproved this court's opinion in Hill v. State, 184 So.2d 457 (Fla. 3d DCA 1966), which held that the language of the rule did not allow a prisoner in New Jersey to file a postconviction motion regarding a Florida conviction. Consequently, Demps' "in custody" argument has been rejected by the supreme court.
Demps justifiably points out, however, that while he was in an Indiana prison he did not have access to Florida law books, Florida statutes, or any other Florida legal materials. Thus, he could not research or cite to any Florida authorities in any motion he may have filed.[2] In fact, he did not have access to the model form for use in filing motions for postconviction relief under rule 3.850.[3]See Fla. R.Crim. P. 3.987. The state does not dispute Demps' assertion that he did not have access to Florida materials.
In Bounds v. Smith, the United States Supreme Court held:
We hold, therefore, that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.
*1298 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)(emphases added).[4] It seems apparent as an initial matter, that for the legal materials or assistance to be "adequate" (and, in turn, the inmate's legal papers to be "meaningful") they must cover the law of the jurisdiction where the conviction to be collaterally attacked was entered. In any event, several cases after Bounds, both state and federal, have confronted facts similar to those found in this case.
Most recently, the Court of Appeals of Idaho, in Martinez v. State, 1997 WL 283439, ___ Idaho ___, ___ P.2d ___ (Idaho.Ct.App. May 30, 1997), addressed the situation. There, an Idaho prisoner was transferred to California to serve his Idaho sentences under an interstate compact regarding the housing of prisoners. Over two years after he had been transferred, the prisoner filed a motion for postconviction relief in an Idaho court. The court denied the motion on the basis that the one-year statute of limitation for filing the motion had expired. The court rejected Martinez' argument that the statute should have been tolled while Martinez was out of the state and did not have access to Idaho courts.
On appeal, the Idaho Court of Appeals affirmed the lower court's denial of Martinez' motion on other grounds. The court addressed, however, Martinez' argument "that he was prevented from pursuing a postconviction relief action due to his incarceration in a California prison which does not offer a law library with Idaho law books." Martinez rested his argument on the Idaho Constitution's access to courts provision. The court reviewed and found persuasive federal constitutional law interpreting inmates' rights to access the courts via the provision of a law library or persons trained in the law.
Without either access to Idaho legal reference books, with which to research their rights and prepare their own pleadings, or the availability of representation by persons trained in Idaho law and procedure, prisoners would find the Art. I, § 18 guarantee that "courts of justice shall be open to every person," a hollow promise. Therefore, we hold that Art. I, § 18 of the Idaho Constitution imposes the same requirement for provision of adequate prison law libraries or adequate legal assistance that the United States Supreme Court articulated in Bounds as a requirement of the Due Process Clause.
We can find no basis in principle or logic to distinguish between the right of access to the courts of an Idaho inmate housed in an Idaho correctional institution and that of an Idaho inmate housed elsewhere. We therefore agree with jurisdictions which have held that the constitutional right of access to the courts is violated when a prisoner is housed in an out-of-state facility without either legal reference materials of the state of conviction or reasonable alternative means of access of the type described in Bounds. See Johnson v. Delaware, 442 A.2d 1362 (Del.1982); Shoats v. Commissioner, Pennsylvania Department of Corrections, 139 Pa.Cmwlth. 607, 591 A.2d 326 (1991).
Martinez, 1997 WL 283439, at *6, ___ Idaho at ___, ___ P.2d at ___. The court concluded by noting that if a prisoner could show that his access to court had been abridged, then the limitations period for filing his postconviction motion would be tolled for the period of the abridgment. Id.
Florida, like Idaho, has an express access to courts provision in its constitution at Article 1, Section 21. "Where, as here, the right is one made express by the constitution, the courts have an even greater duty to protect the right than where the right is one found by implication." Lloyd v. Farkash, 476 So.2d 305, 307 (Fla. 1st DCA 1985). Moreover, "[i]n Florida, an inmate in confinement has access to library materials in accordance with Florida Administrative Code Rule 33-3.0084[1](i)." Lambrix v. Singletary, 618 So.2d 787, 788 (Fla. 1st DCA 1993). Florida Administrative Code Rule 33-3.0055(1) provides: "In order to ensure that each inmate in the custody of the department has adequate access to the courts and to legal materials necessary for the preparation of legal documents, the department shall provide law *1299 libraries and related services as described in this section and in sections 33-3.005 and 33-3.0051." (emphasis added). We too, like the Idaho court in Martinez, can find no basis to distinguish between the right of access to the courts of a Florida convict incarcerated in Florida and that of a Florida convict incarcerated somewhere else.
Consequently, it would be a violation of Demps' right of access to court under the Florida and federal constitutions to hold that his motion for postconviction relief is time-barred given that he did not have access to Florida legal materials, or a reasonable alternative, for the entire period within which he had to file the motion.[5] We hold that the two-year time period provided for in rule 3.850 within which Demps had to file his motion was tolled for that period of time that he was deprived of access to Florida courts.
We further note that at least three federal circuit courts have held that when one state sends a prisoner to another state to serve his sentence, it is the sending state that has the responsibility to ensure that the prisoner has adequate access to the sending state's courts. See Boyd v. Wood, 52 F.3d 820 (9th Cir. 1995); Clayton v. Tansy, 26 F.3d 980 (10th Cir.1993); Rich v. Zitnay, 644 F.2d 41 (1st Cir.1981).
The order denying Demps' motion is reversed and the cause remanded for consideration of the motion on the merits.
NOTES
[1] Where a judgment of conviction and sentence are entered pursuant to a guilty plea, and no appeal is taken, the time for filing a motion under rule 3.850 begins to run 30 days from the sentencing date, when the time for filing a notice of appeal expires. See Ramos v. State, 658 So.2d 169, 170 (Fla. 3d DCA 1995). In Demps' case the two-year period began to run on February 19, 1993. Absent tolling, it would have expired on February 20, 1995.
[2] In a November 13, 1995 letter to the lower court Demps asked for an extension of time within which to file his postconviction motion. He wrote in part: "Sir, when I was in the state of Indiana I didn't have any acess [sic] to any Florida law books or Florida statues [sic].... I'm trying to get my paperwork together and to look up other cases that will help me in my case...." The lower court denied the "motion."
[3] Part of the trial court's reason for denying Demps' motion was that he had filed "multiple motions" with the court while he was in Indiana. While that may have been true, looking at those filings, it is apparent that none of them contained or required any legal research. For example, Demps filed a motion to mitigate his sentence in February of 1993 while he was in Indiana. It contains no legal argument. In fact, some of the motions were filed using model forms from the state of Indiana.
[4] See generally Annotation, Sufficiency of Access to Legal Research Facilities Afforded Defendant Confined in State Prison or Local Jail, 23 A.L.R.4th 590 (1983).
[5] In reaching this conclusion we are reminded of the supreme court's comments regarding the two-year limit placed on motions filed under rule 3.850:

[N]othing in our law suggests that the two-year limitation must be applied harshly or contrary to fundamental principles of fairness.
* * * * * *
The fundamental guarantees enumerated in Florida's Declaration of Rights should be available to all through simple and direct means, without needless complication or impediment, and should be fairly administered in favor of justice and not bound by technicality. Art. I, Fla. Const.
Haag v. State, 591 So.2d 614, 616 (Fla.1992).