PER CURIAM.
Donald Rolling, defendant, appeals the denial of his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm.
Defendant’s final judgment and sentence became final on July 13, 1989, upon issuance of the mandate in his direct appeal. See Rolling v. State, 547 So.2d 649 (Fla. 3d DCA 1989). Accordingly, the two year period during which defendant could have filed a motion for post-conviction relief-expired on July 13, 1991. The present motion was filed on June 23, 1999. The motion is consequently barred as untimely. See Fla. R.Crim. P. 3.850(b).
Defendant relies upon this Court’s decision in Demps v. State, 696 So.2d 1296 *185 (Fla. 3d DCA 1997). In Demps, the defendant was incarcerated in the Indiana State Prison system and consequently had no access to Florida law books. This Court concluded that Florida’s Constitutional right of “access to the courts is violated when a prisoner housed in an out-of-state facility without either legal reference materials of the state of conviction or reasonable alternative means of access of the type described in [Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) ].” Demps, 696 So.2d at 1298. As a result, this Court held that the two year period provided by Rule 3.850(b) was tolled during that period of time in which the defendant was deprived of access to Florida Courts.
Defendant’s situation in the present case, however, is different. from that of Demps. Here, the defendant was represented by counsel both in a petition for writ of habeas corpus and in the post-conviction proceeding in the lower court which is the subject of the instant appeal. Being represented by counsel, he had access to Florida’s Courts. See Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); Martin v. Tyson, 845 F.2d 1451 (7th Cir.1988); Pippins v. Adams County Jail, 851 F.Supp. 1228 (C.D.Ill.1994).
Affirmed.