767 So.2d 570 (2000)
Donald ROLLING, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2879.
District Court of Appeal of Florida, Third District.
September 6, 2000.
Donald Rolling, in proper person.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
Prior report: 755 So.2d 184.

On Rehearing Granted
PER CURIAM.
Upon consideration, we grant the motion for rehearing and remand this case for an evidentiary hearing.
*571 In his motion for rehearing, defendant states that when he obtained private counsel in 1996, defendant requested that counsel file a motion for postconviction relief, but counsel failed to do so. Instead, counsel filed a petition for writ of habeas corpus contending that appellate counsel had been ineffective. Defendant argues, and we agree, that he is entitled to a hearing under Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999), to determine whether he is authorized to belatedly file a Rule 3.850 motion to challenge his conviction and sentence.
Defendant also contends that this court acted on an incorrect premise in assuming that if defendant was able to retain private counsel in 1996, he could have done so within the two-year period after his conviction became final on July 13, 1989. Defendant points out that he was represented by the Public Defender in his original appeal. Defendant contends in substance that since he was incarcerated out of state for this entire time period without access to Florida legal materials, and did not have access to privately retained counsel until long after the Rule 3.850 time limit ran, he has been deprived of access to this court and to the Rule 3.850 procedure. The defendant is entitled to a hearing on this claim as well.
Reversed and remanded.