826 So.2d 496 (2002)
Garrick JOHN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1913.
District Court of Appeal of Florida, Third District.
September 25, 2002.
*497 Garrick John, in proper person.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Garrick John appeals the denial of his motion for post-conviction relief in which he raised twenty-one claims of ineffective assistance of counsel. We affirm as to all grounds except points V, VI, VII, IX, X and XIII, for which we reverse for an evidentiary hearing as the record does not conclusively refute the claims on those points.
On March 18, 1994, appellee State of Florida charged John with six counts of armed robbery, burglary with assault or battery therein while armed, six counts of kidnaping with a weapon, and one count of aggravated battery. Prior to trial, John filed a Writ of Prohibition, in which he argued that the trial court violated his state speedy trial rights. On April 27, 1995, this Court denied that petition. On May 16, 1995, following a jury trial, John was adjudicated guilty as charged. The trial court sentenced John to life in prison with a three year minimum-mandatory for counts 1-13 on June 30, 1995. Additionally, the trial court sentenced John to fifteen years for aggravated battery, and the court ordered all counts to be served concurrently.
John appealed his judgment of conviction and sentence. This Court affirmed per curiam the trial court judgment and sentence on December 3, 1997.[1] On or about March 21, 1998, John submitted a state petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. This Court, on December 2, 1998, denied the petition. Approximately one year after filing his state petition for writ of habeas corpus, John filed a federal petition for writ of habeas corpus. The federal court denied the petition.
On or about March 17, 2001, John filed the subject motion for post-conviction relief. We first hold that John's claims are not procedurally barred even though the motion was filed outside the two-year window for filing rule 3.850 motions.
In his motion for post-conviction relief, John acknowledges that the March 17, 2001 motion was technically filed out of *498 time, as rule 3.850's two-year time frame required that his motion be filed by December 26, 1999. However, John argues that he was deprived of access to the Florida courts due to both his administrative confinement and his extradition to New York during the two-year time frame in which to file a post-conviction motion. In February 1998, John was placed in administrative confinement. On June 3, 1998, John was extradited to New York and was later returned to Florida custody on July 12, 2000. Specifically, John argues that the two-year period for filing a rule 3.850 motion should have been tolled when he was incarcerated out of state for the entire time period in which to file a motion for post-conviction relief and did not have access to Florida legal materials.
John's argument is based upon Demps v. State, 696 So.2d 1296 (Fla. 3d DCA 1997) and Rolling v. State, 767 So.2d 570 (Fla. 3d DCA 2000). Even though in Demps the defendant was only incarcerated in the State of Florida for approximately one month of the two-year time period for filing a rule 3.850 motion for post-conviction relief, we held that "the two-year time period provided for in rule 3.850 within which Demps had to file his motion was tolled for that period of time that he was deprived of access to Florida courts." Id. at 1299. The fact that John was not absent from Florida during the entire two-year period in which to file a post-conviction motion does not distinguish the holding in Demps that time was tolled for the time of John's absence. It simply means that time was not tolled for the entire two-year period.
On the merits, John argues that he received ineffective assistance of counsel for counsel's alleged misadvice that the defense of misidentification was his only available defense. To support a claim of ineffective assistance of counsel, John must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires a showing that counsel's performance was deficient. The second prong requires a showing that but for the deficient performance, the outcome of the proceeding would have been different. The performance inquiry must be whether counsel's assistance was reasonable "considering all the circumstances," and in making this determination, the court "must indulge a strong presumption that counsel's conduct fell within the range of reasonable professional assistance."
The state responds that seven victims identified John. Several of the victims identified the machine gun found in John's bag and the jewelry found in the possession of John's girlfriend was also identified as belonging to several of the victims. This argument, however, seems to bolster John's argument that the misidentification defense may not have been the best trial strategy.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] See John v. State, 703 So.2d 481 (Fla. 3d DCA 1997).