917 So.2d 303 (2005)
John FRANKLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3111.
District Court of Appeal of Florida, Third District.
December 21, 2005.
*304 John Franklin, in proper person.
Charles J. Crist, Attorney General, for appellee.
Before COPE, C.J., and WELLS, and SHEPHERD, JJ.
WELLS, Judge.
John Franklin appeals from an order denying postconviction relief under Florida Rule of Criminal Procedure 3.850(b)(3). We affirm.
Florida Rule of Criminal Procedure 3.850(b)(3) authorizes the filing of a motion more than two years after a judgment and sentence become final where "the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion." See Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999)(concluding that when a convicted defendant alleges that his or her attorney agreed to file postconviction motion on his or her behalf, but failed to do so in timely manner, the prisoner is authorized to belatedly file postconviction motion challenging conviction or sentence, and adopting Rule 3.850(b)(3), to deal with that situation). Thus, the remedy in such cases is to excuse the time bar and allow the defendant to file a belated motionwithin a reasonable time after discovering counsel's neglect.
Under the circumstances of the present case, however, the defendant is not entitled to that remedy because in 2000 he filed a pro se petition seeking postconviction relief.[1] In 2004, the defendant filed the current motion, saying that he had just become aware of the Steele decision in 2003. Because the remedy under Steele and 3.850(b)(3) is simply to allow the defendant an opportunity to file a belated motion, and because the defendant already filed a motion challenging his conviction in 2000, the defendant is not entitled to a belated filing of another 3.850 motion.[2]
*305 Accordingly, the order under review is affirmed.
NOTES
[1] As the State's response outlines, in 1978 the defendant pled guilty to burglary in case number 77-1859 and robbery in case number 78-6586, and was sentenced to concurrent fifteen-year terms. The defendant was released from prison in 1989. In 1995, the defendant was convicted on a federal charge and is now incarcerated in the federal system and is now housed in a federal institution in Texas. In 2000, the defendant filed a petition for writ of error coram nobis seeking to set aside his sentence. The main thing he argued was that the plea was involuntary because he was not informed of the future sentence enhancing consequences of his state court plea, which was later used to enhance his sentence in federal court. By virtue of Wood v. State 750 So.2d 592 (Fla.1999), this was properly viewed as a 3.850 motion. The trial court treated it as a postconviction motion and denied it saying that there was no requirement for the court which took the plea to advise the defendant of future enhancement consequences. The Florida Supreme Court later so held in Major v. State, 814 So.2d 424 (Fla. 2002).
[2] Defendant also cites to Demps v. State, 696 So.2d 1296, 1299 (Fla. 3d DCA 1997). The Demps decision allows a belated filing where the defendant has been incarcerated outside of Florida custody and has not had access to Florida legal materials. Under the circumstances present here, however, defendant is not entitled to additional relief based on Demps. This is so because, as stated above, the defendant did obtain sufficient access to Florida materials to file his rule 3.850 motion in 2000.