983 So.2d 4 (2007)
Rudolph ORANGE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1877.
District Court of Appeal of Florida, Third District.
January 31, 2007.
Rehearing and Rehearing Denied June 14, 2008.
Rudolph Orange, in proper person.
Bill McCullom, Attorney General, and William J. Selinger, Assistant Attorney General, for appellee.
Before COPE, C.J., GERSTEN and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied June 14, 2008.
PER CURIAM.

ON MOTION FOR REHEARING GRANTED
Upon further review, we grant the defendant, Rudolph Orange's, ("the defendant"), motion to recall mandate and motion for rehearing. We withdraw our opinion dated September 22, 2004 and substitute the following:
The defendant appeals the trial court's denial of his motion for rehearing of the denial of his Florida Rule of Criminal Procedure 3.850 post-conviction motion. We reverse.
On May 18, 1993, the police arrested the defendant at Miami International Airport for drug trafficking. The defendant entered into a substantial assistance agreement, ("agreement"), with the State, where he agreed to provide certain information to the State in return for the State waiving his minimum-mandatory sentence. The *5 agreement further provided that if the defendant failed to appear for sentencing on the date the court set, the court would enter an adjudication of guilt and sentence the defendant to thirty years state prison with a minimum-mandatory sentence of fifteen years.
Meanwhile, the defendant was already on probation in Georgia. After the Georgia officials learned of the defendant's new offense in Florida, they filed an affidavit of violation of probation. The defendant voluntarily returned to Georgia to resolve the Georgia charges. The Georgia trial court sentenced the defendant to nine years for violation of probation.
Subsequently, the defendant failed to appear for his sentencing hearing in Florida, in violation of the express terms of his plea agreement. His attorney informed the trial judge that the defendant was incarcerated in Georgia, upon which time the trial court sentenced the defendant to thirty years.
The defendant wrote to the sentencing judge explaining that he had every intention of fulfilling his plea agreement, but he was unable to because he was incarcerated in Georgia. The defendant also requested that the Florida sentence run concurrent with the Georgia sentence. The trial court took no action.
In September 2002, the defendant completed his Georgia sentence and was transferred to the Florida Department of Corrections. He is now serving his thirty-year Florida sentence.
In May 2003, the defendant filed a motion for post-conviction seeking to have his plea set aside as involuntary. The trial court denied the motion as untimely, and the defendant appealed. This Court issued a per curiam affirmance.
The defendant filed a motion for rehearing contending his motion was not untimely under Demps v. State, 696 So.2d 1296 (Fla. 3d DCA 1997), and that the trial court erred in sentencing him in absentia. The defendant further alleges that because he was incarcerated in Georgia, his absence from the sentencing hearing was involuntary. We agree.
In Demps, we held that the two-year time limit for filing a 3.850 motion is tolled when a defendant is incarcerated in another state and does not have access to Florida materials. Therefore, the defendant's motion for post-conviction was not untimely because he filed his motion within two years of his return to Florida. We further determine that the defendant's absence from his Florida sentencing hearing was involuntary and did not trigger the "failure to appear" provision of his plea agreement.
The trial court incorrectly applied the plea agreement in the defendant's case. The defendant was already on probation in Georgia at the time he committed the Miami offense. Unfortunately for the defendant, the Miami offense provided a basis to revoke his Georgia probation. Once the Georgia trial judge sentenced the defendant to incarceration in Georgia, there was no way for the defendant to personally appear at the Florida sentencing hearing and comply with the plea agreement. See Valladares v. State, 754 So.2d 190 (Fla. 3d DCA 2000); Johnson v. State, 501 So.2d 158 (Fla. 3d DCA 1987).
In Johnson, this Court held that "where timely appearance for sentencing is made a condition of a plea agreement, a nonwillful failure to appear will not vitiate the agreement and permit the trial court to impose a greater sentence." Johnson v. State, 501 So.2d at 160. Therefore, we find the defendant's failure to appear at sentencing does not vitiate the plea agreement. However, we note that if the defendant *6 was incarcerated because he had committed a new offense after entering into the agreement, we would not find his failure to appear non-willful.
Accordingly, we reverse and remand with directions for the trial court to sentence the defendant in accordance with the previously entered plea agreement without considering the portion of the agreement regarding the defendant's failure to timely appear for sentencing. See Lee v. State, 471 So.2d 195 (Fla. 4th DCA 1985).
Reversed and remanded with directions.