949 So.2d 362 (2007)
Miguel LOPEZ-MERCED, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-747.
District Court of Appeal of Florida, Fifth District.
March 2, 2007.
Miguel A. Lopez-Merced, Punta Gorda, pro se.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Miguel Lopez-Merced ("appellant") appeals from the order denying his post-conviction *363 motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the 3.850 motion as untimely by order rendered on January 30, 2006, even though appellant argued in his memorandum of law that the two-year limitation period[1] had been tolled because he was incarcerated out-of-state and lacked access to Florida legal materials. Appellant filed a motion for rehearing under the mailbox rule[2] on February 10, 2006, but then filed a notice of appeal under the mailbox rule on February 24, 2006, before the lower court considered the motion for rehearing. The trial court later granted the motion for rehearing by order rendered on February 28, 2006, and ordered the State to respond to the 3.850 motion, specifically as to appellant's claim that the standard two-year filing period was tolled.
The order granting the motion for rehearing was entered without jurisdiction as appellant abandoned his motion when he filed the notice of appeal. See In re: Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283 (Fla.1991). After the trial court granted the motion for rehearing, appellant voluntarily dismissed his appeal. He then belatedly realized that the order granting the motion for rehearing was a nullity, because he next filed a motion to reinstate the appeal, which this court granted.
As the trial court should not have summarily denied the 3.850 motion as untimely without first considering appellant's tolling argument,[3] the order denying relief is reversed and the case is remanded to the trial court so that it can reconsider the timeliness issue.[4]
REVERSED and REMANDED.
ORFINGER, MONACO and TORPY, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850(b).
[2] See Haag v. State, 591 So.2d 614 (Fla.1992).
[3] See Demps v. State, 696 So.2d 1296 (Fla. 3d DCA 1997).
[4] This court ordered the State to respond to the order denying appellant's 3.850 motion, but the State instead filed a motion to supplement the record. The record-on-appeal contains all of the necessary documents. We therefore deny the motion to supplement and withdraw our show cause order.