965 So.2d 854 (2007)
Howell M. RAMSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-411.
District Court of Appeal of Florida, Second District.
September 28, 2007.
*855 VILLANTI, Judge.
Howell Ramsey's conviction and life sentence for first-degree murder became final when this court issued the mandate on his appeal in April 1997. Under usual circumstances, Mr. Ramsey would have been required to file any postconviction motions within two years of that date. Thus, when he filed his motion pursuant to Florida Rule of Criminal Procedure 3.850 in June 2005, the postconviction court dismissed it as untimely. The postconviction court also denied Mr. Ramsey's subsequent motion for reconsideration on the sole ground that "[e]xtradition is not one of the listed exceptions" to the two-year time limit as enunciated in rule 3.850(b).
This is not the usual case, however, and the postconviction court erred when it dismissed Mr. Ramsey's motion without considering the allegation that he had been imprisoned in New York State from the time that his judgment and sentence became final until June 2003, during which time he was unrepresented by counsel and had no access to Florida law materials. In Demps v. State, 696 So.2d 1296, 1298-99 (Fla. 3d DCA 1997), the Third District held that a defendant incarcerated in an out-of-state prison with no access to Florida legal materials was essentially deprived of access to the Florida courts as provided in article I, section 21, of the Florida Constitution. The court held that
it would be a violation of Demps' right of access to court under the Florida and federal constitutions to hold that his motion for postconviction relief is time-barred given that he did not have access to Florida legal materials, or a reasonable alternative, for the entire period within which he had to file the motion.
Id. at 1299; see also John v. State, 826 So.2d 496 (Fla. 3d DCA 2002). Other district courts of appeal have followed the sound reasoning of the Demps case in holding that the time for filing a rule 3.850 motion can be tolled. See Lopez-Merced v. State, 949 So.2d 362 (Fla. 5th DCA 2007); Kirk v. State, 707 So.2d 948 (Fla. 1st DCA 1998).
The rationale for permitting the congruence of certain limited, rarely occurring circumstances to toll the time for a prisoner to file a rule 3.850 motion derives from the fundamental right of access to the courts. As the Florida Supreme Court noted when it fashioned the "mailbox rule" in Haag v. State, 591 So.2d 614, 617 (Fla. 1992):
Under the Florida Constitution, all persons have a right to equal protection of the laws, particularly in matters affecting life and liberty. Art. I, § 2, Fla. Const. Obviously, this includes a right of equal access to the courts, which serve as the final arbiter of whether life or liberty may be forfeited lawfully.
It stands to reason, as the court observed in Demps, that an uncounseled prisoner held in an out-of-state jurisdiction who is not represented by counsel and who does not have access to Florida statutes, rules, and forms has been deprived of meaningful access to the Florida courts. 696 So.2d at 1298-99.
It appears from the numerous documents that Mr. Ramsey attached to his sworn motion that he was continuously incarcerated in New York State from a time before the mandate on his direct appeal issued until June 26, 2003, when he was returned to Hillsborough County for transfer to a Florida state prison. Those documents also reflect that Mr. Ramsey was represented by counsel for his direct appeal but that this representation was specifically concluded after the affirmance *856 of the appeal. It appears that under all of these circumstancesincarceration out-of-state, lack of access to Florida legal materials, and lack of representation by counselthe two-year time limit for filing the motion was tolled and did not begin to run until Mr. Ramsey was transferred to a Florida prison. Thus, on the face of Mr. Ramsey's unrefuted motion and attachments that were before the postconviction court, the two-year time for filing his postconviction motion had not expired when Mr. Ramsey delivered the motion to prison authorities for mailing on June 16, 2005.
Accordingly, we reverse and remand for further proceedings. If the postconviction court finds that the documents attached to Mr. Ramsey's motion are insufficient to establish that his out-of-state incarceration tolled the time for filing this motion, it shall hold further proceedings on the timeliness issue. See Lopez-Merced, 949 So.2d at 363; Ballester v. State, 781 So.2d 503 (Fla. 3d DCA 2001); Rolling v. State, 767 So.2d 570 (Fla. 3d DCA 2000). Otherwise, the postconviction court shall consider the motion on the merits.
Reversed and remanded as directed.
WHATLEY and DAVIS, JJ., Concur.