STRINGER, Judge.
 

 Steven Ruiz seeks review of an order denying his “Motion for reconsideration of order denying motion for post-conviction relief and motion for court appointed attorney.” The motion was summarily denied as untimely pursuant to Florida Rule of Criminal Procedure 3.850(g). We reverse and remand for further proceedings to determine whether Ruiz’s time to file a post-conviction motion was tolled and, if so, whether Ruiz’s motion states grounds for relief.
 

 Ruiz entered a plea to charges of organized scheme to defraud, conspiracy to commit racketeering, and racketeering and was sentenced on September 8, 1998, to eleven years’ imprisonment. Ruiz was transferred in December 1998 to Colorado to serve his sentence. No direct appeal was filed.
 

 On September 5, 2006, Ruiz filed a rule 3.850 motion for postconviction relief and motion for court-appointed counsel. Ruiz’s motion asserted an ineffective assistance of counsel claim for failing to properly advise him regarding gain time eligibility and alleged a single subject rule violation regarding the statute under which he was convicted. On February 6, 2007, the motion was summarily denied as untimely because it was filed outside the two-year time limitation contained in rule 3.850(b). The motion for court-appointed counsel was also denied.
 

 On August 30, 2007, Ruiz filed a motion for reconsideration of the order denying motion for postconviction relief and motion for court-appointed attorney. In this motion, Ruiz stated he was incarcerated outside of Florida, had no attorney, and had no access to Florida legal materials. Thus, Ruiz argued, the time to file a 3.850 motion should have been tolled pursuant to
 
 Demps v. State,
 
 696 So.2d 1296 (Fla. 3d DCA 1997). Ruiz realleged his claim of ineffective assistance of counsel, asserted his sentence was illegal or incorrect based on the gain time issue, and reasserted his request for counsel. Finally, Ruiz argued he should be allowed to withdraw his plea based on misadvice regarding his gain time eligibility.
 

 On September 17, 2007, Ruiz’s motion for reconsideration was denied as untimely pursuant to rule 3.850(g). Ruiz filed a pro se notice of appeal, and his motion for appointment of counsel on appeal was granted by the lower court.
 

 Florida’s “ ‘fundamental constitutional right of access to the courts
 
 requires
 
 prison authorities to assist inmates in the preparation and filing of
 
 meaningful
 
 legal papers by providing prisoners with
 
 adequate
 
 law libraries or
 
 adequate
 
 assistance from persons trained in the law.’ ”
 
 Demps,
 
 696 So.2d at 1297 (quoting
 
 Bounds v. Smith,
 
 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). The court stated in
 
 Demps
 
 that a defendant who “is housed in an out-of-state facility without either legal reference materials of the state of conviction or reasonable alternative means of access” is deprived of access to Florida courts in violation of his constitutional rights.
 
 Id.
 
 at 1298. The court held that
 
 *387
 
 the two-year time period provided for in rule 3.850 was tolled for the time in which the defendant was deprived of access to the Florida courts.
 
 Id.
 
 at 1299.
 

 This court adopted the
 
 Damps
 
 holding in
 
 Ramsey v. State,
 
 965 So.2d 854 (Fla. 2d DCA 2007). In
 
 Ramsey,
 
 the postconviction court dismissed as untimely Ramsey’s rule 3.850 motion and subsequent motion for reconsideration without considering Ramsey’s allegations that the two-year time limit was tolled while he was incarcerated out of state, lacked access to Florida legal materials, and lacked representation by counsel.
 
 Id.
 
 We reversed and remanded, directing that the court hold further proceedings on the timeliness issue if necessary and directing that the court consider the motion on its merits if it was determined to be timely.
 
 Id.
 
 at 856.
 

 As in
 
 Demps
 
 and
 
 Ramsey,
 
 it appears from Ruiz’s motion that the time for filing his rule 3.850 motion was tolled due to his continuous out-of-state incarceration. The court thus erred by summarily denying the motion without consideration of this argument, and we reverse and remand for further proceedings. Should the court determine Ruiz’s time to file a motion was in fact tolled, the court shall treat Ruiz’s motion for reconsideration as a second rule 3.850 motion and review it on the merits.
 

 In light of the postconviction court’s order finding it was constitutionally necessary to appoint Ruiz counsel in this appeal and in light of his continued out-of-state incarceration, we direct the court to appoint counsel to assist Ruiz in any remand proceedings.
 
 See Bynum v. State,
 
 932 So.2d 361, 362 (Fla. 2d DCA 2006).
 

 Reversed and remanded with directions.
 

 DAVIS and LaROSE, JJ., Concur.