SUAREZ, J.
 

 Kevin D. Harvey seeks an order granting a petition for mandamus directing the lower court to ‘reset’ the time for filing a Florida Rule of Criminal Procedure 3.850 petition. We treat his petition as a notice of appeal, and reverse and remand.
 

 Harvey was convicted in Florida in 1989, but was immediately turned over to federal authorities to begin serving a twenty-year federal sentence. Harvey was incarcerated in federal prison in Alabama until he was released in 2007.
 
 [1]
 
 In 2008, Harvey was returned to Florida to begin serving his 1989 state sentence. He filed a motion with the trial court to ‘reset’ the time for filing a rule 3.850 petition, asserting that
 
 *458
 
 he had been out of the jurisdiction and had no access to Florida materials in order to adequately prepare a post-conviction petition. The trial court summarily denied the motion.
 

 We treat this petition as an appeal from the trial court’s summary denial of Harvey’s motion to reset the time for filing a rule 3.850 petition.
 
 See, e.g., Duque v. State,
 
 983 So.2d 35 (Fla. 3d DCA 2008) (treating petition for mandamus as a notice of appeal);
 
 accord Reddick v. Lando,
 
 673 So.2d 92 (Fla. 3d DCA 1996). The trial court should have considered that an un-counseled prisoner held in an out-of-state jurisdiction who is not represented by counsel and who does not have access to Florida legal materials has been deprived of meaningful access to Florida courts.
 
 See Ruiz v. State,
 
 3 So.3d 385 (Fla. 2d DCA 2009);
 
 Ramsey v. State,
 
 965 So.2d 854 (Fla. 2d DCA 2007);
 
 Demps v. State,
 
 696 So.2d 1296 (Fla. 3d DCA 1997). In those cases, it appeared that the time for filing a postconviction motion was, indeed, tolled.
 

 We therefore remand the issue to the trial court, and direct it to determine whether in Harvey’s case the time for filing a rule 3.850 petition was tolled because of his continuous incarceration in federal prison since 1989. If the trial court so determines, it should allow as timely filed a post-conviction petition filed within two years from Harvey’s return to Florida’s prison system, and consider whether any petition so filed states grounds for relief.
 

 Reversed and remanded.
 

 [1]
 

 . Harvey directly appealed from his Florida convictions in 1990, but his counsel filed a
 
 *458
 
 motion to withdraw pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and this Court affirmed. Harvey filed an unsuccessful rule 3.850 petition in 1992.