FARMER, J.
Defendant’s Florida conviction became final in December 2002. He had been *299 sentenced thereunder to two life terms consecutive to a conviction in Massachusetts he was already serving. He completed his Massachusetts sentence in August 2006 and was delivered to authorities a few days later to begin serving his Florida sentence. Two years later, under rule 3.850 he filed a motion for relief from the conviction asserting several grounds. The trial judge summarily dismissed the motion on the basis that it was temporally barred, having been filed more than two years after his Florida conviction became final in 2002.[1]
On appeal from that summary dismissal, he argues that he was entitled to a hearing to show that, owing to the lack of access to Florida legal materials, the time limit for rule 3.850 relief was tolled while he was incarcerated out of state. He relies on Demps v. State, 696 So.2d 1296 (Fla. 3d DCA 1997) (prisoner held in out-of-state facility without either legal reference materials of Florida or reasonable alternatives is deprived of access to Florida courts in violation of his constitutional rights). Although not cited by defendant, we also take notice of Ramsey v. State, 965 So.2d 854 (Fla. 2d DCA 2007), holding that the trial court should afford defendant the opportunity to show that the limitations period is deemed tolled while he was held out-of-state without access to Florida legal materials. See also Ruiz v. State, 3 So.3d 385 (Fla. 2d DCA 2009) (same).
This district has not adopted Demps. The advance of technology, with its increased access to many kinds of materials and information, raises questions about its continuing validity.[2] Still, the trial judge was bound to follow Demps even though this court had not expressed itself on the issue. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (in absence of conflict, decisions of Florida District Courts of Appeal represent law of Florida unless overruled by Florida Supreme Court; where only appellate case on point is from outside district in which trial court is located, trial court is bound to follow that decision). At this point, without adopting Demps as still reliable for this district, we reverse and remand for the trial court to allow defendant to establish predicate facts for his alleged avoidance of the limitations bar as in Demps.

Reversed.

POLEN and DAMOORGIAN, JJ„ concur.

. Fla. R.Crim. P. 3.850(b) (in a noncapital case motion must be filed within 2 years after judgment and sentence become final).

. Demps was decided 12 years ago. Access to legal materials today does not always require actual physical receipt of paper documents. Under current internet technology legal materials may be available from remote locations, even in some prisons.