KELLY, Judge.
William Redenius seeks review of an order which denied his rule 3.850 motion for postconviction relief on the ground that it was untimely. We reverse.
Redenius’s Florida conviction became final in July 2006. More than five years later, Redenius filed a motion for postcon-viction relief based on ineffective assistance of counsel. The motion was summarily denied as untimely because it was filed outside the two-year time limitation *839 contained in Florida Rule of Criminal Procedure 3.850(b). On appeal, Redenius argues that the two-year time period for filing his motion for postconviction relief was tolled because during that time he was incarcerated in an out-of-state federal prison and had no access to Florida legal materials or assistance. Because the record is unclear, we reverse and remand for an evidentiary hearing to determine whether Redenius was deprived of access to Florida legal materials or whether he was represented by counsel during the relevant time period. See Ruiz v. State, 3 So.3d 385 (Fla. 2d DCA 2009) (holding that the two-year time limit for filing a rule 3.850 motion is tolled when an unrepresented defendant is incarcerated in another state and does not have access to Florida legal materials); Ramsey v. State, 965 So.2d 854 (Fla. 2d DCA 2007) (same); Demps v. State, 696 So.2d 1296 (Fla. 3d DCA 1997) (same). If the postconviction court finds that the time for filing Redeni-us’s motion was tolled due to his out-of-state incarceration, the court is directed to consider the motion on its merits.
Reversed and remanded with directions.
LaROSE and BLACK, JJ., Concur.