PER CURIAM.
The defendant appeals the circuit court’s order summarily denying his Florida Rule of Criminal Procedure 3.850 motion as not having been filed within the rule’s two-year time limit. He argues that he was entitled to tolling of the two-year time limit because he was in federal custody in South Carolina and did not have access to Florida legal materials. See Demps v. State, 696 So.2d 1296, 1299 (Fla. 3d DCA 1997) (the two-year time limit by which the defendant had to file his rule 3.850 motion was tolled during the time he was incarcerated in another state and did not have access to Florida legal materials or a reasonable alternative).
We agree with the defendant’s argument. Nothing in the record conclusively shows that he had access to Florida legal materials or a reasonable alternative within the two-year time limit while he was in federal custody or that he had a meaningful opportunity to file a rule 3.850 motion before he was taken into federal custody. On the contrary, the record shows that federal authorities arrested the defendant shortly after he entered the plea in this case. Moreover, one of his postconviction claims did not arise until he was sentenced for the federal charge.
Accordingly, we reverse and remand for the circuit court to allow the defendant to establish predicate facts to avoid rule 3.850’s two-year time limitation. See Piggott v. State, 14 So.3d 298, 299 (Fla. 4th DCA 2009) (declining to adopt Demps, but remanding to allow the defendant to establish predicate facts to avoid rule 3.850’s two-year time limitation).

Reversed and Remanded.

WARNER, CIKLIN and GERBER, JJ., concur.