CASANUEVA, Judge.
John Barryman Starling appeals an order summarily denying his unsworn motion to vacate, set aside, or correct sentence. Despite the fact that the title of the motion mirrors the title of Florida Rule of Criminal Procedure 3.850, the postconviction court erroneously treated the motion as filed under rule 3.170(1) and denied the motion as untimely because it was not filed within thirty days of rendition of his sentence. For this reason, we reverse the postconviction court’s order.
Mr. Starling, who entered into a negotiated plea in June 2006 for several Polk County charges, alleges that his attorney was ineffective for failing to correct a misunderstanding at sentencing regarding the amount of credit for time served he was to receive. This credit was apparently tied to the date of his arrest on federal charges— January 8, 2002 — but instead the date mentioned at sentencing was July 9, 2003. Although his attorney promised to correct this mistake, which he apparently thought was a scrivener’s error of some sort, he *569 failed to do so. If the postconviction court is unwilling to correct this error, Mr. Starling seeks to withdraw his plea.
However, on its face, this motion is untimely. Mr. Starling did not file an appeal; therefore, the time for him to file a timely rule 3.850 motion expired sometime in July 2008. But Mr. Starling claims that he has been in federal custody and deprived of his constitutional right of access to the courts because Florida law materials are not available in his federal prison. At the time Mr. Starling filed his motion, he was incarcerated in a federal prison in Kentucky. Now he is imprisoned in a Florida state prison.
Mr. Starling previously raised this problem with lack of access to Florida legal materials in a petition for writ of habeas corpus, which the postconviction court dismissed without prejudice to his right to file a facially sufficient postconviction motion requesting tolling of the time for filing based on his federal incarceration. The dismissal was affirmed by this court in case number 2D13-1348. This rule 3.850 motion represents Mr. Starling’s attempt to file the motion authorized in the habeas proceeding, and the postconviction court should examine it on the merits.
We reverse the order denying Mr. Starling’s motion because the postconviction court failed to examine his motion under the appropriate rule. Unfortunately, as noted, Mr. Starling’s motion was not sworn. Accordingly, on remand, the post-conviction court shall enter an order authorizing Mr. Starling to file a sworn motion within sixty days. See rule 3.850(f)(2). If Mr. Starling files such a motion, the postconviction court should first examine whether the time for him to file a rule 3.850 motion was tolled during his incarceration in federal prison. See Ruiz v. State, 3 So.3d 385 (Fla. 2d DCA 2009); Ramsey v. State, 965 So.2d 854 (Fla. 2d DCA 2007).
Reversed and remanded with directions.
VILLANTI and MORRIS, JJ., Concur.