NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| CORNELIUS SERAPHIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-2638 |
| | ) | |
| STATE OF FLORIDA | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed June 1, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Chris Helinger, Judge.

Cornelius Seraphin, pro se.


PER CURIAM.

Cornelius Seraphin appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Seraphin alleged that the terms of his plea agreement had been violated because he did not receive the full amount of jail credit contemplated by the parties. The postconviction court dismissed his motion as untimely. Because it is not clear on the face of the record that his motion was untimely, we must reverse.

On June 27, 2002, Seraphin was arrested on fifteen charges and held in the Pinellas County jail until July 20, 2002, when he was released on bond. While on bond, he was arrested on "federal criminal charges on or about" November 21, 2002. He was sentenced to twelve years' incarceration in federal prison, where he remained until February 15, 2004, when he was transferred to Florida custody and formally charged with failure to appear for a pretrial hearing in his Pinellas County case.

In 2006, Seraphin entered negotiated no contest pleas to all fifteen charges, and the trial court sentenced him pursuant to the plea agreement to fifteen years' imprisonment as a prison releasee reoffender on count one for aggravated battery, to fifteen years on each of the two other second-degree-felony counts, to five years on each of the third-degree-felony counts, and to time served on the misdemeanor counts, with all sentences to run concurrently. The sentencing order also allowed Seraphin 880 days as credit for time incarcerated before his sentences were imposed and also provided that the sentences in this case were to run concurrently with his federal sentence. According to Seraphin, the trial court orally pronounced that as part of his plea agreement, he would receive additional credit for the time he served in federal and state custody. Seraphin was then returned to federal custody.

Apparently on April 19, 2013, Seraphin was released from federal custody and returned to Florida to continue serving his sentences imposed in this case. Seraphin learned then that contrary to his plea agreement, he did not receive credit for the 441 days he served in federal custody.

On June 17, 2013, Seraphin filed a motion pursuant to Florida Rule of Criminal Procedure 3.800 to allow credit for time he served in federal prison until he was

returned to Florida. On March 31, 2014, the postconviction court denied his motion for jail credit because the documents in the record did not support his claim. This court affirmed the summary denial of Seraphin's rule 3.800(a) motion. See Seraphin v. State, 156 So. 3d 1095 (Fla. 2d DCA 2014) (table decision).

Seraphin then filed this rule 3.850 motion on April 10, 2015, which is within two years of his release from federal prison and return to Florida custody on April 19, 2013. The postconviction court ruled that Seraphin's motion was untimely and did not raise any exceptions to the two-year limitation period found in rule 3.850(b). This ruling overlooked Seraphin's claim that the time for filing his rule 3.850 motion was tolled while he was in federal prison because he "was deprived access to Florida courts, statutes, rules and forms."

His timeliness claim has arguable merit. It appears from Seraphin's motion that he was sentenced on the Florida criminal charges in July 2006 and was released from federal prison and returned to Florida in April 2013. The postconviction record does not conclusively refute Seraphin's allegations, which if true would toll the time for filing his motion. See Ramsey v. State, 965 So. 2d 854, 855 (Fla. 2d DCA 2007) (adopting Demps v. State, 696 So. 2d 1296, 1298-99 (Fla. 3d DCA 1997)). Accordingly, we reverse the dismissal and remand for the postconviction court to determine whether Seraphin's time for filing a rule 3.850 motion was tolled during his incarceration in federal prison. See Starling v. State, 137 So. 3d 568, 569 (Fla. 2d DCA 2014) (reversing summary denial of an unsworn rule 3.850 motion and remanding for the postconviction court to provide an opportunity to amend and to determine whether the time for the movant to file a rule 3.850 motion was tolled during his incarceration in

federal prison); see also Piggott v. State, 14 So. 3d 298, 299 (Fla. 4th DCA 2009) (reversing summary denial of a rule 3.850 motion and remanding for the postconviction court to determine whether the movant had access, including electronic access, to Florida law while incarcerated in Massachusetts).

The postconviction court also concluded that Seraphin's rule 3.850 motion was successive because it raised the same jail credit issue that the court denied in the prior rule 3.800(a) motion. The postconviction court was correct that Seraphin sought credit for time served in both motions. But it failed to recognize that rule 3.850, and not rule 3.800(a), is the appropriate method for challenging an unrealized term of a plea agreement after a judgment and sentence are final. See Blake v. State, 807 So. 2d 772, 773 (Fla. 2d DCA 2002) (affirming denial of rule 3.800(a) motion without prejudice to appellant filing a rule 3.850 motion and explaining that "[j]ail credit issues are appropriately brought in a rule 3.850 motion 'if the defendant is requesting additional jail credit due to factual matters not ascertainable from the trial court's records' " (quoting Thomas v. State, 611 So. 2d 600, 601 (Fla. 2d DCA 1993))). Accordingly, the postconviction court erred in concluding that Seraphin's rule 3.850 motion was successive.

On the merits of his motion, Seraphin claimed that his plea agreement was violated when he was not given credit for the time spent in federal custody, as the parties contemplated when he entered his plea. His claim is cognizable under rule 3.850 and is facially sufficient. See, e.g., Currelly v. State, 801 So. 2d 1000 (Fla. 2d DCA 2001) (concluding that a rule 3.850 motion alleging the plea agreement was

violated when the movant was not given jail credit was facially sufficient and that the attachments to the order did not conclusively refute the claim).

We reverse the dismissal of Seraphin's rule 3.850 motion on procedural grounds and remand for the postconviction court to determine whether the time for filing the rule 3.850 motion for postconviction relief was tolled while Seraphin was in federal prison. If so, the postconviction court must then determine the merits of Seraphin's motion and either attach portions of the trial record that conclusively refute his claim or hold an evidentiary hearing.

Reversed and remanded.

NORTHCUTT, CRENSHAW, and SLEET, JJ., Concur.