# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0380
Lower Tribunal No. F16-11036A
_____


**Luis A. Gomez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Luis A. Gomez, in proper person.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.


Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

Luis A. Gomez appeals from a trial court order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Gomez's judgment and sentence became final on March 8, 2019. Forty-six months later—on January 9, 2023—Gomez filed the instant motion for postconviction relief, well beyond the two-year time limitation imposed by rule 3.850(b).[1] The trial court entered a final order denying the motion as untimely,[2] and this appeal followed.

Gomez contends the reason his motion was untimely is that he was hampered in his efforts to obtain, from his former trial counsel, the necessary documents which he relied upon in preparing his motion. While it is true that, under narrow and exceptional circumstances, principles of due process may require permitting a defendant's otherwise untimely postconviction motion to be considered on its merits, see, e.g., Harvey v. State, 11 So. 3d 457 (Fla.

---

[1] Rule 3.850(b) provides in pertinent part:

> A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final....

[2] Rule 3.850(f)(1) provides:

> *Untimely and Insufficient Motions*. If the motion is insufficient on its face, and the time to file a motion under this rule has expired prior to the filing of the motion, the court shall enter a final appealable order summarily denying the motion with prejudice.

3d DCA 2009) (reversing summary denial and holding trial court should have considered that an uncounseled prisoner held in an out-of-state jurisdiction who is not represented by counsel and who does not have access to Florida legal materials has been deprived of meaningful access to Florida court, requiring the tolling of the two-year time limitation under rule 3.850); Demps v. State, 696 So. 2d 1296, 1299 (Fla. 3d DCA 1997) (reversing order denying defendant's rule 3.850 motion as untimely; holding that the two-year time period provided for in rule 3.850 was tolled for the period of time Demps was deprived of access to Florida courts and that "it would be a violation of Demps' right of access to court under the Florida and federal constitutions to hold that his motion for postconviction relief is time-barred given that he did not have access to Florida legal materials, or a reasonable alternative, for the entire period within which he had to file the motion."), this is not one of those exceptional circumstances, as there is nothing in the record to suggest that he was deprived of meaningful access to the courts or denied access to the materials sought.[3]

---

[3] We note that the documents sought by Gomez existed prior to Gomez's 2017 trial. Gomez initially sought the documents in a July 7, 2020, letter to his former trial counsel that requested "the full and complete pre-existing material discovery" in his case. All of the documents (save one) were provided to Gomez by (at the latest) April of 2021. The last remaining document (a statement given by the victim to law enforcement prior to Gomez's 2017 trial) was not in the possession of Gomez's former trial

Gomez was sentenced on May 10, 2017, and since that time has been a prisoner in the custody of the State of Florida. His judgments and sentences were affirmed by this court on February 20, 2019, and our mandate issued March 8, 2019. Gomez made his first written request for documents on July 7, 2020, sixteen months after his judgments and convictions became final, leaving him only eight months to file a timely motion for postconviction relief under rule 3.850. Gomez fails to explain why he waited so long before making any effort, or submitting any request, for the documents, or what other efforts were made during the relevant time period. Further, Gomez failed to allege that, in the exercise of due diligence, he would not have able to obtain these documents and file his postconviction motion within the two-year deadline.

Affirmed.

---

counsel (and thus could not be produced by him) but could have been obtained by Gomez from sources independent of his former trial counsel.